"upon the ground that there was no provision of law for a stay of proceedings from an order granting a new trial in a summary proceeding, as section 2255 of the Code applies only to appeals from a final order, and section 314 of the Municipal Court act (Laws 1902, p. 1579, c. 580), has reference to appeals from judgments." The landlord, having been thus unsuccessful in his attempt to get a stay from the Supreme Court, fell back on section 1310 of the Code, and contended that the appeal itself operated as a stay. The justice of the court below declined to take this view, and when the proceedings, after several adjournments, came on again for trial, on October 25, 1904, the court dismissed the proceeding, upon motion of the landlord, on the ground that the tenant had already been dispossessed, and was no longer in possession of the premises. From this last decision no appeal has apparently been taken.

Upon a motion made to dismiss the appeal herein at the opening of the present term of this court, disputed questions of fact were presented on affidavits, and the motion was denied. Upon this appeal, as presented on the merits by the record, it appears that the question whether or not the court below had a right to set aside the final order and grant a new trial is purely an academic one, and need not be determined. It may, however, be said that subdivision 19 of section 1 of the Municipal Court act (Laws 1902, p. 1489, c. 580) would seem to provide that such action by the justice of the Municipal Court was within his power.

The appeal is dismissed, with $10 costs and disbursements to the respondent.

---

(98 App. Div. 169)

MULDOON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. DISCOVERY—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.
    In an action against a railroad company for death caused by its negligence, an examination of an officer of the company before trial, pursuant to Code Civ. Proc. § 872, subd. 7, is proper to ascertain whether the train that killed deceased was owned and operated by defendant, or by another company which, under contract with defendant, had the right to use the tracks, and, in the latter case, what company, and under what contracts it used the tracks.

2. SAME—PUBLIC RECORDS.
    In an action against a railroad company for death, an examination of an officer of the company before trial, pursuant to Code Civ. Proc. § 872, subd. 7, is not permissible to ascertain by what authority defendant operated a railroad on a certain street, as such authority was contained in public statutes and ordinances, and in records in public offices.

Appeal from Special Term.

Action by James F. Muldoon, Jr., as administrator of Arthur Muldoon, deceased, against the New York Central & Hudson River Railroad Company. From an order denying defendant's motion to vacate an order directing an examination of defendant before trial, it appeals. Modified.

91 N.Y.S.—5

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and LAUGHLIN, JJ.

Charles C. Paulding, for appellant.
Robert L. Stanton, for respondent.

O'BRIEN, J. This action was brought, pursuant to the provisions of section 1902 of the Code of Civil Procedure, to recover damages for a death claimed to have been caused through the defendant's negligence. The complaint alleges that the defendant corporation was at the time in question operating, negligently and without legal right, a railroad, and running thereon trains through Eleventh avenue in this city, and thereby maintained a public nuisance, and, while doing so, one of the trains under its control ran over and killed plaintiff's intestate. These allegations were denied by answer, and thereafter the plaintiff obtained an ex parte order directing that the defendant corporation be examined as an adverse party before trial, and that testimony of one of the officers thereof be taken, pursuant to subdivision 7 of section 872 of the Code of Civil Procedure. What the plaintiff seeks from the examination of defendant's officer is evidence to prove that the train which killed the decedent was operated or controlled by the defendant corporation, and, if not, to ascertain what railroad companies other than the defendant company use the tracks on Eleventh avenue and run trains thereon, and what traffic or other contracts the defendant has with numerous companies relating to the use of said tracks; and, second, to show by what authority, if any, the defendant operates trains on Eleventh avenue.

With respect to the first subject, we think the order was properly granted, because the plaintiff was entitled to ascertain, if the knowledge is in the possession of the defendant's officer sought to be examined, what train it was that killed the decedent, whether one owned and operated by the defendant company, or whether by a train owned by another railroad corporation which, under contract with defendant, had the right to use the tracks on Eleventh avenue, and, in the latter case, what company, and under what contracts it used the said tracks. Should it be made to appear that it was one of defendant's trains that killed the decedent, then upon this branch the examination would end.

With regard, however, to the second branch of inquiry, as to the authority of the defendant to operate a railroad on the avenue, it must be conceded that such authority is derived from the state, with the consent of the municipality, and that the evidence of such authority is contained in public statutes and ordinances, and in maps and certificates filed and recorded in public offices, open to inspection, and capable of proof by means specifically prescribed by law. The direction, therefore, that an officer of the defendant should supply this evidence, and for that purpose should bring the books and papers of the corporation, was inadvertently made, because neither the statement of such officer, nor the "books, records, and papers" which the plaintiff desired to have produced on such examination, would be competent evidence of the legal status of the

defendant corporation, and it nowhere appears in the record that there is any book, record, or paper which contains such evidence.

We think, therefore, that the order should be modified by confining the examination to obtaining from the defendant evidence as to the identity of the train which killed the decedent, and whether such train was operated and controlled by the defendant, or by some other railroad corporation which, by virtue of some traffic or other contract between the corporations, was operating trains on Eleventh avenue. As so modified, the order should be affirmed, without costs. All concur.